Cyrus Sullivan
P.O. Box 86653
Portland, OR 97286
503-232-3080
sullivancyrus@hotmail.com

FILED20 JAN '17 13:57USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**CYRUS ANDREW SULLIVAN**
**Plaintiff,**

v.

**SCOTT ALLEN BREITENSTEIN**
**Defendant,**

Case No. 3:16-cv-1743-AC

**PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

In response to The Court's order to show cause why my complaint should not be dismissed for lack of service (E.C.F. 12), I the Plaintiff, Cyrus Andrew Sullivan, Pro Se, hereby files this showing of good cause that the Defendant, Scott Allen Breitenstein, has deliberately defrauded The Court or lives someplace other than where service was attempted and efforts are under way to serve him. In light of these circumstances, I hereby move The Court to consider the Defendant served, extend the deadline for service in accordance with Federal Rule of Civil Procedure 6 (b) ("Rule 6(b)"), or authorize substituted service.

## The Defendant Has Been Properly Served

The US Marshal attempted to serve the Defendant via Federal Express on September 30, 2016 (Exhibit 12, p. 1), but the Defendant or someone else living at that address marked the package as "return to sender moved" (Exhibit 12, p. 2). That is what I would have done if I were the Defendant. Seeing as how his business is strikingly similar to mine, I feel qualified to say that the best policy for anyone in the Defendant's shoes is to mark all unexpected packages from unknown sources "return to sender moved." My research has placed the Defendant at 29 Bidleman St, Dayton, OH, 45410 as recently as January of 2016 or later. That month he appeared on a Fusion Network television show at that location (see Exhibit 4 where the number 29 is clearly visible). That address is still listed in pubic records as the Defendant's current address (Exhibit 1, p. 1) and has been reported as such as recently as January 6, 2017 (Exhibit 1, p. 2). The record clearly establishes that all necessary documents were sent to his last known address at that time and I ask that the Defendant be considered served.

After filing the initial summons with the clerk on September 29, 2016, Judge Hernandez finally lifted my computer ban in case no 3:13-00064-HZ in recognition of the fact that computer bans are no longer legal in this Circuit citing United States v. LaCoste, 821 F.3d 1187 (9th Cir. 2016). Despite the lifting of the ban I still did not get to use a computer for two more months while the United States Probation Office dragged their feet at implementing a monitoring solution. Since then I have been able to do research that I could not do before. This included Google searches of my name. These searches resulted in two libelous articles (Exhibit 6 and Exhibit 7) published on sites owned by the Defendant (see domain registration information Exhibits 8 and 9). It should be noted that although the domain registration information for those sites is private that the DNS servers are the same as the ones I documented in my

complaint (E.C.F. 2-2, p. 6) and there are recent articles on the internet from mainstream media outlets linking the Defendant to PredatorsWatch.com (Exhibit 10). I believe PredatorsWatch.com to be less than one year old due to having no screenshot history on DomainTools.com and the earliest news reports I've seen about it date to November 2016, 3 months after some "concerned citizen" supposedly posted me on it. I believe that the Defendant published those articles in retaliation once he learned that I had sued him. As I documented in my complaint (E.C.F. 2, p. 15) the Defendant's website was not created until 2015, but several of his infringing articles claim to be from years earlier (E.C.F. 2-3, p. 18-33). The most likely explanation for that is that the dates on the Defendant's site were intentionally falsified to make his site look older. I believe that the Defendant fudged the dates on those articles to make it look like my lawsuit might be in response to them. I think this gives me cause to say that he became aware of the lawsuit due either to the package from the U.S. Marshal or the internet. Web pages from sites that aggregate court records (Exhibit 5) show up high in Google search results for "Scott Allen Breitenstein" (Exhibit 11).

## Request for Extension of Time to Serve at Second Address

Although the Defendant's home address is currently listed as 29 Bidleman St, Dayton, OH, 45410 (Exhibit 1), I believe that he may have a second home at 22 Mumma Ave., Dayton, OH 45405. The Defendant has been linked to the address on Mumma Ave. in one form or another since 2004 (Exhibit 1, p. 2). When filing the initial summons with the clerk I believed the Mumma Ave. address to be a prior address that the Defendant resided at before moving to Bidleman St. I now believe that the Defendant can be located at either address. According to recent public records (Exhibit 1, p. 2) the Mumma Ave. address was reported as current on January 5, 2017. Records for his wife (Exhibit 2) show that although

she lived elsewhere as recently as June 2016 (Exhibit 2, p. 2), she now resides at the Mumma Ave. address (Exhibit 2, p. 2). As a result of this information I submitted a second batch of paperwork to the clerk on January 20, 2017. According to SpyFly.com the Defendant and the person I believe to be his wife are first generation relatives, which means that they are directly related (Exhibit 3). I ask that the Court grant me an extension of time of no less than 90 days to see if the Defendant can be served at this location.

Rule 6(b) states "(1) *In General*. When an act may or must be done within a specified time, the court may, with good cause, extend the time: ... (B) on motion made after the time has expired if the party failed to act due to excusable neglect." As this Court pointed out (E.C.F. 12, p. 1) the deadline to serve the Defendant was 90 days after the complaint was filed under Fed.R.Civ.P.4(m). This Court also made it clear that the U.S. Marshal did not file an unexecuted return of service notice until December 7, 2016, 98 days after the complaint was filed on August 31, 2016. There is no way that I could have possibly known that I would need to seek an extension of time in order to serve the Defendant before the deadline had expired. Even if I had reason to believe that service may not be possible, excusable neglect includes "inadvertent delays" and "is a somewhat 'elastic concept'" Pioneer Inv. Serv. V. Brunswick Assocs., 507 U.S. 380 (1993). On top of that I spent all 90 days after filing the complaint unlawfully banned from computers, which are "vital for a wide range of routine activities in today's world", Lacoste, and such activities include locating the Defendant. Even if I did have access to computers during that time, the records indicating the Defendant's whereabouts being elsewhere were not available to me until this month. Have I been neglectful? I don't think so, but even if I were any neglect on my part is excusable under the circumstances.

## Request for Substituted Service Authorization

Due to public records and TV appearances that tie the defendant to both locations, I ask that the Court authorize substituted service in the event that an additional attempt to serve the Defendant is necessary. The shady nature of the Defendant's business makes him one that is likely to dodge process servers, his conduct since I filed my complaint indicates that he knows of the lawsuit, and the only people likely to be living at either address are his relatives. Fed.R.Civ.P. 4(e)(2)(b) states that a party may be served by "leaving a copy of each [summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age discretion who resides there." I ask the Court to authorize the U.S. Marshal or myself to serve the Defendant by mail to be delivered to the Defendant or any adult residing at either location.

## Conclusion

Scott Breitenstein is dodgy man that is well aware of the complaint filed against him. He should be considered served or I should be allowed 90 more days with substituted service options.

Respectfully submitted this the 20th day of January 2016,

_____
Cyrus Andrew Sullivan, Plaintiff, Pro Se