13 OCT '17 07:09 REC'D USDC-ORP    ORIGINAL

Cyrus Sullivan
P.O. Box 86653
Portland, OR 97286

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| Cyrus Andrew Sullivan<br>Plaintiff | Case No.: 3:16-cv-01743-AC |
| vs. | |
| Scott Allen Breitenstein<br>Defendant | PLAINTIFF MOTION FOR SUBSTITUTED<br>SERVICE AUTHORIZATION |

    I, the plaintiff Cyrus Andrew Sullivan, ProSe, hereby moves the court to authorize substituted service of the defendant Scott Allen Breitenstein. This request comes after nearly a year of trying to serve the defendant the Summons and Complaint of Civil Case with Exhibits. Service attempts were obstructed by the defendant and his family.

## BACKGROUND

    The U.S. Marshals first attempt to serve the defendant via Federal Express on September 30, 2016. The defendant, a family member or other marked the package as "return to sender – moved".

    The court subsequently issued a Show Cause Order (E.C.F 12) and I responded to the order on or about January 20, 2017. The court held a hearing on January 21, 2017 where I was granted an extension of time. I was also told to file future exhibits documenting disgusting conduct by the defendant under seal.

    On January 24th, I was served with a summons by my probation officer, Matthew Preuit, to appear before Judge Marco Hernandez to show cause why my supervised release should not be revoked in case number 3:13-CR-00064-HZ for failing to participate in computer monitoring. I had ceased using the defective monitoring software and posted a negative review of the company that provided the software, IPPC Technology, on the internet. The government was seeking to use that as grounds to have my prior computer ban re-imposed.

    From February 9th through the 24th, I continued to communicate and work with probation and asserted my position regarding facts documented for them. I also launched a website called CopBlaster which I populated with content based on my personal experiences with our law enforcement system, as well as, news reports of corruption and violations by law enforcement. On February 24, I was arrested by the U.S. Marshalls on probation violations. February 27, I was denied a release pending a revocation hearing which was based, in part, on an erroneous accusation by the prosecutor.

    On March 10, for my Civil case 3:16-CV-1743-AC with the court, the court issued its second Order to Show Cause why this case should not be dismissed for lack of service. This order was followed by a series of requests for extensions of time, subsequent show cause orders and subsequent requests.

During March 2017 and through May 2017, I remained incarcerated and was limited for accessing the law library and, of course, my ability to conduct personal business. I was not in a position to have an attorney or trained person to assist on my filed civil case. During these months, several incidences occurred in Multnomah County Detention Jail which resulted in my being written up and accused of alleged transgressions which, per my attorney, will not likely prevail as charged. This caused me great stress and further hindered what I could do until my case and charges can be addressed.

In last May 2017, I was informed that a copy of the Summons and Complaint, as well as, the entire Exhibits package with all court filed documents, were served on Scott Breitenstein (defendant). Defendant's wife accepted and signed for the documents served by a third party process server in Dayton, Ohio. She was residing at the same Biddleman address that the U.S. Marshals has also FedEx the original Summons and Complaint the previous Fall. Obviously, the "return to sender moved" statement written was not truthful. It is my belief that the requirements of Fed.R.Civ.P.4 (e) (2) (b) had been met. Fed.R.C.V.P. 4 (e) (2) (b) states "leaving a copy of each (Summons and Complaint) at the individual's dwelling or usual place of abode with someone of suitable age discretion who resides there" is sufficient to meet the requirements for substituted service.

On June 2nd, the person that has been helping me in this matter visited the clerk's office to provide Proof of Service that the Summons and documents has been served. The clerk advised, however, that the Summons that had been given to the process server in Ohio lacked the proper court seal on it. My helper did not know or understand this requirement at the time she had the server in Dayton, OH deliver the package to the defendant. And, on June 5th, my helper did write to the US. Marshal and informed them that the Summons and package of Exhibits were delivered and accepted on/about May 25th by Mobley Reporting who went to the Bidleman address in Dayton, OH. The U.S. Marshals then agreed to make another attempt to serve the defendant the Summons with seal.

On June 7th, on my probation case, Judge Hernandez found me not guilty of some charges, but did find me guilty of some and a sentencing Hearing set for July 7th. I remained incarcerated in MCDC.

On June 14tgh, the civil case court issued an order (E.C.F. 31) striking as moot a previously scheduled Show of Case hearing "based on the apparent service of defendant Breitenstein". This left me with the impression that he was served on June 12th due to E.C.f.30). Reports indicated that on June 21st, U.S. Marshals attempted to serve the defendant but there was no one home. On June 23rd the U.S. Marshals tried to serve the defendant again but the people that answered the door said that Scott Breitenstein did not live there anymore. This was at the same address where the copy of the Summons/Complaint and all the Exhibits have been received and signed for on his behalf before in May.

My efforts and interest to continue to keep the civil case active were thwarted when on June 28th while I was being addressed for a disciplinary issue, I was assaulted by a correction officer who used unnecessary and excessive force and broke my left upper arm bone (humerus) in half. My medical care for this injury was delayed/denied by the jail contrary to OSHU (emergency 6/28 care/diagnosis) to return me there a week after the injury for further care and assessment by a surgeon. I remained in great pain with the arm in a sling only. During this period, officers of the unit accused me of things and additional charges were set up against me. Then, finally, on July 24, at a status conference arranged by my attorney, she was able to bring my plight to the judge's attention by asking my planned release be allowed early so that I could get my fractured arm properly medically addressed. She presented a detailed timeline of what I had been going through since 6/28/17. The early release was denied by Judge Hernandez but he did order that I be returned to OSHU. I was taken to OSHU August 3rd where I was informed new bone was forming so my arm is healing at an angle that could have been avoided if proper care arranged for. I also have nerve damage and remain on medication for this even though the jail attempts to remove reasonable medication relief from me soon after the August 3rd OSHU assessment of my injury. That was resolved

by my attorney's efforts on my behalf and on August 11th I saw a pain specialist and diagnosis of nerve damage/pain am now being provided appropriate medication. I am feeling better now. I continue to have issues with correction officers who obviously do not like me and do not like my CopBlaster site in particular. They continue to create issues and write me up. I remain an inmate at MCDC pending an upcoming hearing and potential pre-trial release.

### REQUEST THAT DEFENDANT BE CONSIDERED SERVED
### Case 3:16-CV-1743-AC

Fed.R.Civ, P. 4 (e) (2) (b) states that a party may be served by "leaving a copy of each (Summons and Complaint) at the individual's dwelling or usual place of abode with someone of suitable age discretion who resides there". The rule clearly says "copy" of the Summons and not "original" summons. The word copy implies a copy and not an original, therefore, I ask the court to authorize substituted service in this case and consider the defendant served. As noted before, the package of documents were signed for and accepted at his last known address by an appropriate adult.

Alternatively, I ask that the court use any other rule or law that it is aware of to consider the defendant served. I ask this because case law requires that pro-se filings be considered liberally "where no trained advocate is present – and this situation generally arises . . . the court itself undertakes to assure the litigant that no meritorious case be lost because of a lack of legal skill. Briefs are scanned with unjaunticed eyes and technical compliance with the Rules of the Court is not stringently enforced. "Hoffman v. United States, 244 F. 2d 378 (9th Cir 1957). The defendant is well-aware of the complaint filed against him. He can certainly check the court's schedule to keep up to date on the case. If there is anything the court can do to help me here, please do it.

### CONDITIONAL REQUEST FOR CONTINUANCE

If I need more time to have a process server serve the defendant further, please let me know.

### U.S. MARSHAL TRANSPORT REQUEST

I ask that the court order the United States Marshals to provide transportation from jail to any hearings scheduled in this matter should I be incarcerated at that time. I also ask that the court order the U.S. Marshals not to move me out of this district until these proceeding are concluded.

### CONCLUSION

I have been through a lot these past months. I could use a break, so please consider the defendant served. I am doing my best under unimaginably extreme circumstances.

I declare that the information presented here is true and correct.

Executed on 9/7/17

Cyrus Andrew Sullivan - Plaintiff Pro se