IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CYRUS ANDREW SULLIVAN, | Case No. 3:16-cv-01743-JGZ |
| Plaintiff, | |
| v. | ORDER |
| SCOTT ALLEN BREITENSTEIN, | |
| Defendant. | |

On May 18, 2018, the Court issued an Order granting Plaintiff Cyrus Andrew Sullivan a third and final extension of time to serve Defendant Scott Allen Breitenstein. (Doc. 40.) The Court cautioned Plaintiff that failure to serve by the deadline would result in dismissal of the case for failure to prosecute. (See *id*.) Plaintiff's deadline to serve Defendant Breitenstein expired on July 18, 2018.

The record reflects that U.S. Marshals have attempted to complete service seven times; the service deadline has been extended twice (*see* docs. 17, 36); and Plaintiff has been ordered to show cause for his failure to prosecute twice (*see* docs. 12, 19). The Court notes that a new summons was issued as to Defendant Breitenstein on July 11, 2018; however, no further notice of service has been filed. (Doc. 42.)

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Plaintiff's failure to complete service by the Court's deadline constitutes failure to prosecute.

A federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962). In appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. Id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to serve Defendant prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b), Fed. R. Civ. P., provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." In the instant case, a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can be dismissed without prejudice pursuant to Rule 41(b), Fed. R. Civ. P.

THEREFORE, IT IS ORDERED THAT Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. (Doc. 2.) The Clerk of Court is directed to close this case.

Dated this 23rd day of July, 2018.

_____
Honorable Jennifer G. Zipps
United States District Judge